**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 25-62231-CIV-SINGHAL

HEALTH BUSINESS SOLUTIONS, LLC,
a Florida limited liability company,

    Plaintiff/Counter-Defendant,

v.

INSIGHT CHICAGO, INC.,
an Illinois corporation.

    Defendant/Counter-Plaintiff.

_____/

## PLAINTIFF/COUNTER-DEFENDANT'S MOTION FOR VOLUNTARY DISMISSAL WITHOUT PREJUDICE

Pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure, Plaintiff, Health Business Solutions, LLC (hereinafter referred to as "HBS" or "Plaintiff") respectfully moves this Court to dismiss its action without prejudice, and support follows herein:

Rule 41(a)(2) provides that, after the defendants have answered, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper" and that the dismissal is without prejudice unless the Court orders otherwise. Fed. R. Civ. P. 41(a)(2). The decision whether to grant voluntary dismissal without prejudice lies within this Court's "sound discretion." *See McCants v. Ford Motor Co., Inc.*, 781 F.2d 855, 857 (11th Cir. 1986). "A dismissal should be granted unless the defendant will suffer clear legal prejudice, other then the mere prospect of a subsequent lawsuit, as a result." *Moss v. Saks Fifth Ave.*, No. 2:06CV668 FTM29SPC, 2007 WL 1141510, at *2 (M.D. Fla. Apr. 17, 2007) (citing *McCants v. Ford Motor Co.*, 781 F.2d 855, 856-7 (11th Cir.1986)); *see also United States v. $70,670.00 in U.S. Currency*, 929 F.3d 1293, 1300 (11th Cir. 2019) ("[t]he crucial question to be determined is,

Would the defendant lose any substantial right by the dismissal.") (*quoting Pontenberg v. Boston Sci. Corp.*, 252 F.3d 1253, 1255 (11th Cir. 2001).

In the present matter, there is no effort or expense in preparing for trial - the trial phase of this matter is over a year away; there is no delay or lack of diligence on the part of Plaintiff in prosecuting this matter; finally, Defendant, Insight Chicago, Inc. ("Insight"), has not filed a Motion for Summary Judgment on this issue. *See Berry v. Gen. Star Nat. Ins. Co.*, 190 F.R.D. 697, 699 (M.D. Ala. 2000) (granting the plaintiff's motion for voluntary dismissal without prejudice where the motion was filed early in the case, before any dispositive motions, and "no plain prejudice" to the defendant was shown.); *see also Moss*, No. 2:06CV668 FTM29SPC, 2007 WL 1141510, at *2; *McCants*, 781 F.2d at 856-7.

Additionally, "[i]f a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication." Fed. R. Civ. P. 41(a)(2). "Where there exists an independent jurisdictional basis for the counterclaim, Rule 41 does not bar dismissal of plaintiff's complaint." *Farmaceutisk Laboratorium Ferring A/S v. Reid Rowell, Inc.*, 142 F.R.D. 179, 180 (N.D. Ga. 1991) (citing *McGraw–Edison Co. v. Performed Line Products Co.*, 362 F.2d 339 (9th Cir. 1966).

Concurrently with the instant motion, Plaintiff has filed a Motion to Compel Arbitration of Insight Chicago, Inc.'s Counterclaim and to Stay these Proceedings, pursuant to the parties' agreement to resolve all disputes through binding arbitration before the American Arbitration Association. Nonetheless, diversity jurisdiction will persist irrespective of either (a) the dismissal of Plaintiff's claims, or (b) the Court compelling arbitration, therefore, Rule 41, Federal Rules of Civil Procedure, does not bar the dismissal of Plaintiff's claim. *See Tracfone Wireless, Inc. v. Blue*

*Ocean's Distrib.*, LLC, 616 F. Supp. 2d 1284, 1285 (S.D. Fla. 2009) ("While valid arbitration clauses are to be enforced under the Federal Arbitration Act, 9 U.S.C. § 3, they do not oust district courts of their jurisdiction.").

WHEREFORE, Plaintiff respectfully requests that this Motion for Voluntarily Dismissal Without Prejudice be granted.

Respectfully submitted,

**OLIVE JUDD, P.A.**
*Attorneys for Health Business Solutions, LLC*
2426 East Las Olas Blvd.
Fort Lauderdale, FL 33301
Phone: (954) 334-2250
Fax: (954) 334-2259

/s/ Benjamin E. Olive
Benjamin E. Olive, Esq.
bolive@olivejudd.com
Fla. Bar No.: 387983

## CERTIFICATE OF CONFERRAL

Pursuant to Local Rule 7.1(a)(3), undersigned counsel certifies that on December 17, 2025, counsel for Plaintiff, HBS, conferred with counsel for Defendant, Insight, regarding the relief requested in this Motion. Counsel for Insight advised that Defendant does not agree to the relief sought herein.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed on December 17, 2025, and served electronically via the Court's CM/ECF system on all attorneys of record.

**OLIVE JUDD, P.A.**
*Attorneys for Health Business Solutions, LLC*
2426 East Las Olas Blvd.
Fort Lauderdale, FL 33301
Phone: (954) 334-2250
Fax: (954) 334-2259

/s/ Benjamin E. Olive
Benjamin E. Olive, Esq.
bolive@olivejudd.com
Fla. Bar No.: 387983
Christian R. Leto, Esq.
Fla. Bar No.: 1048760
cleto@olivejudd.com
James M. Buis, Esq.
Fla. Bar No.: 1068447
jbuis@olivejudd.com