UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-62231-CIV-SINGHAL

HEALTH BUSINESS SOLUTIONS, LLC,
a Florida limited liability company,

      Plaintiff/Counter-Defendant
v.

INSIGHT CHICAGO, INC.,
an Illinois corporation.

      Defendant/Counter-Plaintiff
_____/

## HEALTH BUSINESS SOLUTIONS, LLC'S MOTION TO COMPEL ARBITRATION OF INSIGHT CHICAGO, INC.'S COUNTERCLAIM AND TO STAY THESE COURT PROCEEDINGS AND INCORPORATED MEMORANDUM OF LAW

Health Business Services, LLC (hereinafter referred to as "HBS" or "Plaintiff"), pursuant to 9 U.S.C. § 3, the Federal Arbitration Act ("FAA"), respectfully moves this Court to compel the arbitration of Insights Chicago Inc.'s (hereinafter referred to as "Insight" or "Defendant") Counterclaims as required by the parties' insurance-pay Master Services Agreement, and in support thereof, states as follows:

HBS is a medical collections company based in Broward County, Florida. Insight is a Chicago, Illinois hospital that has refused to pay HBS for their services. Foundationally, this dispute surrounds Insight's failure to pay for HBS's service.

On November 26, 2025, Insight filed its Counterclaim which alludes to a separate agreement between HBS and Insight,[1] HBS reviewed its file and identified a second contract, a

---

[1] *See* Counterclaim ¶ 36 ("By its express terms, the Agreement only covers 'self-pay and self-pay after insurance accounts"); *see also* Counterclaim ¶37 ("Nothing in that Agreement sets forth terms authorizing collections for insured claims").

"Master Services Agreement," which also governs the relationship between HBS and Insight, but with regard to insurance payment collections. Accordingly, there are two contracts between Plaintiff and Defendant: a "self-pay" Master Services Agreement ("Self-Pay MSA") and an "insurance pay" Master Services Agreement ("Insurance-Pay MSA"). Only the Self-Pay MSA is attached to Plaintiff's Complaint.[2]

Insight's Counterclaim arises out of the Insurance-Pay MSA and a related Statement of Work and therefore, must be arbitrated pursuant to the arbitration provision within the Insurance-Pay MSA. The Insurance-Pay MSA is attached hereto as Exhibit 1. The Statement of Work is attached hereto as Exhibit 2. The arbitration provision within the Insurance-Pay MSA states:

> **All Disputes** that cannot be resolved pursuant to the procedure set forth in Section 11.1 shall, except as provided herein, be solely and finally settled by binding arbitration conducted in accordance with the Commercial Arbitration Rules of the American Arbitration Association (the AAA Rules").

Ex. 1, § 11.3 (emphasis added).

Consistent with this provision, HBS has initiated arbitration under AAA Case No.: 01-25-000-93794. Insight's Counterclaims must be compelled to arbitration, and these proceedings should be stayed pending the resolution of such arbitration.

## INCORPORATED MEMORANDUM OF LAW

To compel arbitration under the FAA, the movant must establish that: 1) a written agreement to arbitrate exists; 2) a nexus to interstate commerce exists; and 3) the arbitration clause covers the claims. *Steele v. Santander Consumer USA, Inc.*, No. 14–60741–CIV–FAM, 2014 WL

---

[2] Admittedly, within HBS's initial disclosures (served with Plaintiff's Complaint prior to removal to this Court), HBS included a statement of invoices that arise from insurance payment collections and not from self-pay collections. Reference to those invoices (insurance pay invoices instead of self-pay invoices) was error. Concurrently with the instant motion, HBS is filing a motion for voluntary dismissal, as Insight will not agree to HBS's dismissal of its Complaint.

4049963 (S.D. Fla. Aug. 15, 2014) (Moreno, J.) (citing *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 26, 111 S.Ct. 1647, 114 L.Ed.2d 26 (1991)).

The Eleventh Circuit treats a motion to compel arbitration as a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction. *Schriever v. Navient Solutions, Inc.*, No. 2:14–cv–596–FtM–38CM, 2014 WL 7273915, at *2 (M.D. Fla. Dec. 19, 2014). Accordingly, in ruling on a motion to compel arbitration, the Court may consider matters outside of the four corners of the complaint. *Mamani v. Sanchez Berzain*, 636 F.Supp.2d 1326, 1329 (S.D. Fla. 2009).

"For agreements that fall within the scope of the FAA, state law generally governs whether an enforceable contract or agreement to arbitrate exists." *Griggs v. Kenworth of Montgomery, Inc.*, 775 F. App'x 608, 612 (11th Cir. 2019) (quotations omitted). In this case, the Insurance-Pay MSA selects Tennessee law as governing law. *See* Section 13.2 of the Insurance-Pay MSA.

All elements necessary to form a contract under Tennessee law are satisfied: the agreement is signed; *see Broadnax v. Quince Nursing & Rehab. Ctr., LLC*, No. W200802130COAR3CV, 2009 WL 2425959, at *8 (Tenn. Ct. App. Aug. 10, 2009) ("One way a party may show his or her assent to be bound by the terms of a contract is by signing the contract."); it is supported by consideration, i.e., HBS promised to perform and Insight promised to pay; and it is sufficiently definite being that it creates clear obligations for both signatories. *See Peoples Bank of Elk Valley v. ConAgra Poultry Co.*, 832 S.W.2d 550, 553 (Tenn. Ct. App. 1991) (stating the elements of a contract). Thus, there is a signed writing that contains an arbitration provision.

Next, because the parties are located in different states, HBS in Florida, and Insight in Illinois, there is a nexus to interstate commerce. *See Mejia v. Viacord, LLC*, No. 24-CV-60060-PCH, 2024 WL 4290713, at *3 (S.D. Fla. Mar. 1, 2024) ("A sufficient nexus to interstate commerce exists because the case arises out of services provided by an out-of-state company to an in-state

resident."); *see KWEST Commc'ns, Inc. v. United Cellular Wireless Inc.*, No. 16-20242-CIV, 2016 WL 10859787, at *9 (S.D. Fla. Apr. 7, 2016), *report and recommendation adopted*, No. 16-20242-CIV, 2016 WL 10870449 (S.D. Fla. June 28, 2016) (same).

Moreover, the parties have identified the AAA Commercial Rules to govern the arbitration, therefore, they have delegated the issue of arbitrability to the arbitrator. *See JPay, Inc. v. Kobel*, 904 F.3d 923, 937 (11th Cir. 2018) ("Collectively, these cases dictate that by incorporating AAA rules into an agreement parties clearly and unmistakably evince an intent to delegate questions of arbitrability."); *see Mullins v. Butler Am., LLC*, No. 19-CV-22616, 2020 WL 4905435, at *3 (S.D. Fla. Apr. 2, 2020) ("The Eleventh Circuit has held that parties that incorporate the rules of the AAA into their agreements clearly and unmistakably intend to delegate the question of arbitrability to the arbitrator."); *see also CheyTac USA, LLC v. NextGen Tactical, LLC*, No. 17-60925-CIV-ALTONAGA, 2017 WL 5634937, at *3 (S.D. Fla. Oct. 12, 2017) ("When parties incorporate the rules of the American Arbitration Association into their agreement, [ ] they clearly and unmistakably agree that the arbitrator should decide whether the arbitration clause applies.").

Finally, HBS has not waived the right to arbitrate Insight's Counterclaims as this Motion to Compel Arbitration is filed within 21 days of Insight's Counterclaims, and no substantial litigation has taken place. *Grigsby* , 635 Fed.Appx. at 733 (filing of four "placeholder" lawsuits, which required only minimal time and resources on the part of the defendant, did not amount to a waiver of the right to arbitrate). *See also Smith v. Pay–Fone Sys., Inc.*, 627 F.Supp. 121, 124 (N.D.Ga. 1985) (finding no waiver of the right to arbitrate where a party filed a lawsuit, dismissed it, and moved for arbitration, all within three months, during which time the defendants had not answered or made any motions on the merits but had merely moved to dismiss for lack of personal jurisdiction); *see also Diaz-Roa v. Hermes L., P.C.*, 757 F. Supp. 3d 498, 530 (S.D.N.Y. 2024)

(stating Defendant did not waive its right to arbitration when it filed a parallel state court action two months prior to moving to compel arbitration of the federal court action); *see also See Palmer v. Navient Solutions, LLC*, No. 3:17-CV-657-J-39JBT, 2018 WL 1863829, at *2 (M.D. Fla. Jan. 31, 2018), *report and recommendation adopted,* No. 3:17-CV-657-J-39JBT, 2018 WL 11344770 (M.D. Fla. Apr. 18, 2018) (finding a party had **not** waived its right to arbitration where it: (1) filed two motions for extension of time to respond to the complaint; (2) filed and answer and affirmative defenses; (3) participated in a case management conference; and (4) objected to the plaintiff's written discovery.

In conclusion, there is (1) a signed writing that contains an arbitration provision, (2) a sufficient nexus to interstate commerce, and (3) an arbitration provision that assigned the issue of arbitrability to the arbitrator. This Court should compel arbitration. *See Steele v. Santander Consumer USA, Inc.*, No. 14–60741–CIV–FAM, 2014 WL 4049963 (S.D. Fla. Aug. 15, 2014) (stating necessary elements to compel arbitration). Further, this Court should stay these proceedings until the resolution of the arbitration. *See Preddy v. ADT, LLC*, 510 F. Supp. 3d 1262, 1268 (S.D. Fla. 2020).

WHEREFORE, Plaintiff, Health Business Services, LLC, respectfully requests that this Court Compel arbitration of Defendant, Insights Chicago Inc.'s, Counterclaims pursuant to the arbitration provision in the Insurance-Pay MSA and 9 U.S.C. § 3; stay these proceedings pending completion of the arbitration; and award such other and further relief as the Court deems just and proper.

Respectfully submitted,

**OLIVE JUDD, P.A.**
*Attorneys for Health Business Solutions, LLC*
2426 East Las Olas Blvd.
Fort Lauderdale, FL 33301

Phone: (954) 334-2250
Fax: (954) 334-2259

/s/ Benjamin E. Olive
Benjamin E. Olive, Esq.
Fla. Bar No.: 387983
bolive@olivejudd.com

## CERTIFICATE OF CONFERRAL

Pursuant to Local Rule 7.1(a)(3), undersigned counsel certifies that on December 16, 2025, counsel for Plaintiff, HBS, conferred with counsel for Defendant, Insight, regarding the relief requested in this Motion to Compel Arbitration and Stay Proceedings. Counsel for Insight advised that Defendant does not agree to the relief sought herein.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed on December 17, 2025, and served electronically via the Court's CM/ECF system on all attorneys of record.

**OLIVE JUDD, P.A.**
*Attorneys for Health Business Solutions, LLC*
2426 East Las Olas Blvd.
Fort Lauderdale, FL 33301
Phone: (954) 334-2250
Fax: (954) 334-2259

/s/ Benjamin E. Olive
Benjamin E. Olive, Esq.
bolive@olivejudd.com
Fla. Bar No.: 387983
Christian R. Leto, Esq.
Fla. Bar No.: 1048760
cleto@olivejudd.com
James M. Buis, Esq.
Fla. Bar No.: 1068447
jbuis@olivejudd.com