UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-62231-CIV-SINGHAL

HEALTH BUSINESS SOLUTIONS, LLC,
a Florida limited liability company,

    Plaintiff/Counter-Defendant

v.

INSIGHT CHICAGO, INC.,
an Illinois corporation.

    Defendant/Counter-Plaintiff
_____/

**HEALTH BUSINESS SOLUTIONS, LLC'S RESPONSE IN OPPOSITION TO DEFENDANT-COUNTERCLAIMANT INSIGHT'S *EXPEDITED* MOTION TO ENJOIN ARBITRATION AND INCORPORATED MEMORANDUM OF LAW**

Health Business Solutions, LLC ("HBS"), files this Response in Opposition to Defendant-Counterclaimant Insight Chicago, Inc.'s ("Insight") Expedited Motion to Enjoin Arbitration and Incorporated Memorandum of Law (the "Motion"). The Motion fails to highlight any extraordinary circumstances that threaten this Court's jurisdiction so significantly as to warrant the remedy of an injunction under the All Writs Act. HBS respectfully requests that the Motion be denied.

**INCORPORATED MEMORANDUM OF LAW**

**EXECUTIVE SUMMARY**

Insight seeks to enjoin the arbitration of a contract that has never been before this Court. At the start of this case, HBS filed its Complaint stating that Insight breached a Master Services Agreement that governs self-pay medical accounts ("Self-Pay MSA"). *See* Dkt Entry 1[1]. The Self-

---

[1] HBS has since moved for this Court to voluntarily dismiss the Complaint under Rule 41(a)(2). *See* Dkt Entry 15.

Pay MSA is attached as Composite Exhibit A. Separately, HBS initiated arbitration pursuant to a Master Services Agreement that governs <u>insurance pay</u> medical accounts ("Insurance-Pay MSA"). *See* Insurance-Pay MSA attached as Composite Exhibit B. The arbitration provision within the Insurance-Pay MSA states:

> **All Disputes** that cannot be resolved pursuant to the procedure set forth in Section 11.1 shall, except as provided herein, be solely and finally settled by binding arbitration conducted in accordance with the Commercial Arbitration Rules of the American Arbitration Association (the AAA Rules").

Ex. B, § 11.3 (emphasis added).

Accordingly, there are two contracts between HBS and Insight which govern entirely different scopes of work. The Self-Pay MSA applies exclusively to patient-facing collections for "Medical Receivables" referred by Insight, requiring HBS to collect balances from "the patient/guarantor". *See* Self-Pay MSA §1.1–§1.2. In contrast, the Insurance-Pay MSA governs insurance-related claims, including services for resolving unpaid or underpaid claims with payers. *See* Insurance-Pay MSA at 1.

Insight asks this Court to enjoin the Insurance-Pay MSA arbitration proceeding, however, Insight's Motion for an Injunction does not make it off first base. Both the Eleventh Circuit and the Southern District of Florida have explicitly rejected the application of the All Writs Act to similar circumstances, i.e., when a party purports to utilize the All Writs Act to enjoin arbitration proceedings. Indeed, Insight omits any case citation where a district court utilized the All Writs Act to enjoin an arbitration proceeding.

Recognizing this deficiency, Insight pivots to an argument that HBS somehow waived its right to arbitrate. That contention fails for two independent reasons. First, HBS has never availed itself of any rights under the Insurance-Pay MSA and therefore could not have waived them. Second, even if HBS had invoked the Insurance-Pay MSA, its conduct does not amount to

"substantially invoking the litigation machine." In all cases, the Motion for Injunctive Relief should be denied.

## ARGUMENT

a. **All Writs Act Does Not Apply**

*Klay* precludes enjoining arbitrations under the All Writs Act. *See Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1102-1103 (11th Cir. 2004) ("the simple fact that litigation involving the same issues is occurring concurrently in another forum does not sufficiently threaten the court's jurisdiction as to warrant an injunction under this act."); *see also Matthews v. Aviation Performance Sols., LLC*, No. 21-80857-CV, 2022 WL 17988153, at *7 (S.D. Fla. Feb. 11, 2022) (applying *Klay* and denying an anti-arbitration injunction as it did not merit protection under the All Writs Act.); *see also TracFone Wireless, Inc. v. Simply Wireless, Inc.*, No. 15-24565-CIV, 2017 WL 5636281, at *3 (S.D. Fla. Nov. 22, 2017) ("The All Writs Act does not authorize this federal court to enjoin the arbitration absent extraordinary circumstances"); *see also Griffin v. GMAC Commercial Fin., L.L.C.*, No. CIVA 1:05CV199 WBHGG, 2007 WL 647294 (N.D. Ga. Feb. 27, 2007) (holding the All Writs Act does not apply because plaintiff's pursuit of arbitration does not threaten the integrity of the court's prior orders, and concurrent litigation in another forum does not sufficiently endanger the court's jurisdiction to justify an injunction.); *see also Arlein v. Cabot Lodge Sec., LLC,* No. 25-80954-CIV, 2025 WL 2684184, at *2 (S.D. Fla. Aug. 15, 2025) (Denying a motion for expedited injunctive relief and stating "the Eleventh Circuit has expressly described as 'patently wrong' the notion that a party facing pending arbitration of a non-arbitrable claim— without an additional showing of injury—can be said to face irreparable injury warranting injunctive relief.").

Insight's reliance on *Grigsby & Associates v. M Securities Investment*, 664 F.3d 1350 (11th Cir. 2011), is misplaced because the procedural posture and legal basis for injunctive relief was fundamentally different.[2] In *Grigsby*, the party seeking to enjoin arbitration invoked the traditional four-factor test for injunctions—likelihood of success, irreparable harm, balance of equities, and public interest—based on an alleged waiver of arbitration rights through prior litigation conduct, which included the filing of four prior lawsuits. *See* Plaintiffs' Emergency Motion for Temporary Injunction and Request for Immediate Hearing, *Grigsby & Assocs., Inc. v. M Sec. Inv.*, 664 F.3d 1350 (11th Cir. 2011), ECF No. 48.

The Eleventh Circuit's analysis centered on whether waiver was for the court or arbitrator to decide, *not* on whether the All Writs Act authorized injunctive relief. *See id*. By contrast, here, Insight, in stating that *Grigsby* controls, asks this Court to use the All Writs Act as an independent source of authority to block arbitration. *See* Motion at 1, 8. That approach is foreclosed by *Klay,* which makes clear that the All Writs Act is a "residual source of authority" and cannot be used as a substitute for a traditional injunction or to create jurisdiction where none exists. *Klay*, 376 F.3d at 1100. In short, *Grigsby* involved a properly plead request for a traditional injunction under established equitable principles, whereas here Insight asks this Court to expand the All Writs Act to accomplish what the FAA and governing precedent do not permit.

Accordingly, *Klay* applies in this context. Here, HBS's complaint attaches the Self-Pay MSA, in contrast HBS's Demand for Arbitration attaches an entirely separate contract—the Insurance-Pay MSA. Accordingly, the question before the Court is whether this Court may enjoin

---

[2] Concerningly, Insight mischaracterizes *Grigsby* by claiming it affirms this Court's "abundant discretion to decide motions seeking a writ under the All Writs Act." *See* Motion at 6, 18. The *Grigsby* court did not rely on the All Writs Act, in fact, it never mentions it. Accordingly, *Grigsby* cannot affirm this Court's "abundant discretion to decide motions seeking a writ under the All Writs Act."

an arbitration proceeding that is based on an entirely separate contract. *Klay* answers this question in the negative. *Klay*, 376 F.3d at 1102-1103 (11th Cir. 2004) ("the simple fact that litigation involving the same issues is occurring concurrently in another forum does not sufficiently threaten the court's jurisdiction as to warrant an injunction under this act.").

   b. **No Waiver has occurred**

Even if *Grigsby* applied to the instant case and this Court needed to evaluate waiver prior to issuing an injunction under the All Writs Act, Insight's reliance on the cases it cites is misplaced, as the facts here are fundamentally different. First, HBS has never sought relief in any court proceeding for breaches of the Insurance-Pay MSA. It is axiomatic that HBS cannot waive a right that it could not have availed itself of in the first place. *See Mgmt. Health Sys., Inc. v. Access Therapies, Inc.*, No. 10-61792-CIV, 2010 WL 5572832, at *6 (S.D. Fla. Dec. 8, 2010), *report and recommendation adopted,* No. 10-61792-CIV, 2011 WL 98320 (S.D. Fla. Jan. 12, 2011) (rejecting the argument that a defendant waived its right to remove a case to federal court and stating "all of these actions took place before … Defendant received the interrogatory response evidencing an amount in controversy that exceeded the $75,000 jurisdictional threshold. It is axiomatic that a party cannot waive a right that it does not yet have."); *see also Woronec v. Zachry Indus., Inc.*, No. 8:18-CV-2244-EAK-AEP, 2019 WL 3522266, at *1 (M.D. Fla. Aug. 2, 2019) ("Zachry first ascertained the action was removable only <u>after</u> taking such actions. Zachry can't waive a right it didn't know it had.") (emphasis in original).

Second, even if the Insurance-Pay MSA was attached to the Complaint (it isn't), at the time HBS filed its motion to compel arbitration, this case was *less than three months old*. HBS filed its complaint, which went unanswered for 21 days, and the case was then removed to this Court by Insight—not HBS. In contrast, the cases Insight cites involved prolonged litigation and substantial

activity before arbitration was invoked. *See Warrington v. Rocky Patel Premium Cigars, Inc.*, No. 22-12575, 2023 WL 1818920 (11th Cir. Feb. 8, 2023) (plaintiff actively litigated for **nearly a year** before invoking arbitration, participating in case management conferences, filing motions to dismiss, abate, stay, or remand, and seeking multiple extensions—forcing defendant to move to compel discovery.); *Cabinetree of Wisconsin, Inc. v. Kraftmaid Cabinetry, Inc.*, 50 F.3d 388 (7th Cir. 1995) (Defendant moved for arbitration 11 months after initiation of the case, and after "**almost two thousand documents**" were produced in discovery.); *Krinsk v. SunTrust Banks, Inc.*, 654 F.3d 1194 (11th Cir. 2011) (defendant participated in litigation for **more than nine months which included express opposition to arbitration**, and significant motions practice); *S & H Contractors, Inc. v. A.J. Taft Coal Co., Inc.*, 906 F.2d 1507 (11th Cir. 1990), *abrogated by Morgan v. Sundance, Inc.*, 596 U.S. 411 (2022) (Plaintiff waited **eight months** to compel arbitration and, during that time, engaged in motion practice and extensive pretrial discovery, **including deposing five of Defendant's employees**.); *Soriano v. Experian Info. Sols.*, Inc., No. 2:22-CV-197-SPC-KCD, 2022 WL 17551786, at *1 (M.D. Fla. Dec. 9, 2022) (defendant waived arbitration when (in addition to actions mentioned by Insight), they participated in mediation, submitted a case management report where Defendant requested a jury trial, and attended a pretrial conference.)

Although HBS served discovery with its state court complaint, those requests went unanswered and became a nullity. *Wilson ex rel. Estate of Wilson v. Gen. Tavern Corp.*, No. 05-81128 CIV RYSKAMP, 2006 WL 290490, at *1 (S.D. Fla. Feb. 2, 2006)("[d]iscovery served in state court becomes null and ineffective upon removal."); *Schutz v. Oliveras*, No. 8:19-CV-1763-T-30JSS, 2019 WL 13246972, at *1 (M.D. Fla. Oct. 15, 2019) (holding that a protective order was unnecessary because the state court discovery requests became unenforceable upon removal to federal court.).

Additionally, due to Insight's lack of response, HBS has not obtain any information "barred" by the Insurance-Pay MSA. *See LG Elecs., Inc. v. Wi-Lan USA, Inc.*, 623 Fed. Appx. 568, 570 (2d Cir. 2015) (despite Defendant seeking discovery in Florida state court, Defendant did not obtain information through procedures unavailable in arbitration as Plaintiff had not produced any discovery and therefore Plaintiff suffered no prejudice.).

### c. Claim-Splitting and Forum Shopping Arguments Do Not Apply to Motions to Enjoin an Arbitration

Despite it "not being hard to find," Insight fails to cite to a ***single*** case where the court applied the doctrine of claim splitting when a party is seeking to enjoin arbitration. *See* Motion at 17-19.

While Insight's Motion misses the mark in many respects—it did get one thing correct—claim splitting only applies when two suits involve the same parties and the same "nucleus of operative facts." *Vanover v. NCO Fin. Servs.*, 857 F.3d 833, 842 (11th Cir. 2017). In *Vanover*, both lawsuits arose from the same debt collection conduct—the same calls, same debts, same time frame—merely repackaged under different statutes. However, that is not this case. HBS's Complaint concerns obligations under the Self-Pay MSA, while the arbitration arises under a separate Insurance-Pay MSA with distinct terms, pricing, and performance obligations. Different contracts, different transactions. Unlike *Vanover*, there is no single factual nucleus—only separate contractual relationships.

Moreover, courts reject claim-splitting arguments where arbitration and litigation involve distinct facts and evidence. *See Remington v. Newbridge Sec. Corp.*, 2014 WL 505153, at *11 (S.D. Fla. Feb. 7, 2014) (finding there was no improper claim-splitting because arbitration claims involved distinct facts and evidence from litigation claims); *Carney v. Wise Foods, Inc.*, No. 05-80196-CIV, 2005 WL 8156032, at *10 (S.D. Fla. July 20, 2005) ("the FAA allows enforcement of

agreements to arbitrate despite the possibility of piecemeal results: 'federal law requires piecemeal resolution when necessary to give effect to an arbitration agreement.'"); *LG Elecs., Inc. v. Wi-Lan USA, Inc.*, 623 Fed. Appx. 568, 569 (2d Cir. 2015) ("The claim splitting doctrine does not bar arbitration of claims or defenses that the parties have agreed to arbitrate, while litigating overlapping claims or defenses that the parties have not agreed to arbitrate."). Similarly, even where two agreements share a similar purpose and interrelated provisions, this does not prevent the second agreement from being "a separate agreement that stands apart" from the first. *Four Seasons Hotels & Resorts B.V. v. Consorcio Barr, S.A.*, 613 F. Supp. 2d 1362, 1368–69 (S.D. Fla. 2009).

### d. The FAA Applies

Finally, in passing, Insight seemingly requests this Court apply the Florida Arbitration Code instead of the FAA. The FAA applies. *See Matthews*, 2022 WL 17988153, at *3 ("Despite that applicability of the FAA is not in serious dispute, I have considered the question of whether the FAA applies, and I conclude that it does."). Therefore, the FAA substantial invocation test applies, and Florida's bright line rules do not.

## CONCLUSION

In conclusion, Insight requests this Court enjoin the arbitration of a completely different contract than the contract attached to the Complaint. The Motion omits any case citations supporting such drastic relief. To the contrary, *Klay* informs the parties that the All Writs Act should **not** be utilized to enjoin an arbitration proceeding absent extraordinary circumstances not present here. Accordingly, Insight's argument regarding waiver must fail because HBS cannot waive rights it could have never availed itself of in the first place.

WHEREFORE, HBS respectfully requests that this Court deny Insight's Motion for Injunctive Relief in its entirety, enforce the parties' agreement to arbitrate under the Insurance-Pay MSA, and grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

**OLIVE JUDD, P.A.**
*Attorneys for Health Business Solutions, LLC*
2426 East Las Olas Blvd.
Fort Lauderdale, FL 33301
Phone: (954) 334-2250
Fax: (954) 334-2259

/s/ Benjamin E. Olive
Benjamin E. Olive, Esq.
Fla. Bar No.: 387983
bolive@olivejudd.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed on December 31, 2025, and served electronically via the Court's CM/ECF system on all attorneys of record.

**OLIVE JUDD, P.A.**
*Attorneys for Health Business Solutions, LLC*
2426 East Las Olas Blvd.
Fort Lauderdale, FL 33301
Phone: (954) 334-2250
Fax: (954) 334-2259

/s/ Benjamin E. Olive
Benjamin E. Olive, Esq.
bolive@olivejudd.com
Fla. Bar No.: 387983
Christian R. Leto, Esq.
Fla. Bar No.: 1048760
cleto@olivejudd.com
James M. Buis, Esq.
Fla. Bar No.: 1068447
jbuis@olivejudd.com