UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-62231-CIV-SINGHAL

HEALTH BUSINESS SOLUTIONS, LLC,

    Plaintiff/Counter-Defendant,

vs.

INSIGHT CHICAGO, INC.,

    Defendant/Counter-Plaintiff.
_____/

## ORDER

The parties are in the health care business. Plaintiff, Health Business Solutions, Inc. "(HBS") provides customer service, account receivable management, and collection services to Defendant Insight Chicago, Inc. ("Insight"), which operates a hospital in an under-served area of Chicago, Illinois.

HBS sued Insight in the circuit court of Broward County, Florida, alleging that Insight breached a Master Agreement (referred to as the "Florida Agreement") between the parties by failing to pay for services rendered. The Florida Agreement contained a choice of venue clause designating Broward County as the venue. Insight removed the case to this Court based on diversity jurisdiction and filed an Answer and Counterclaim, denying that any payment is due. The Counterclaim accuses HBS of fraud, fraudulent inducement, breach of contract, negligence and violations of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"). The amount in controversy ranges between $3 and $32 million.

After Insight filed its Counterclaim, HBS located a second agreement between the parties (referred to by the parties as the "Tennessee Agreement") which provided for mandatory arbitration. On December 16, 2025, HBS filed an arbitration proceeding with

the American Arbitration Association ("AAA"), Case No. 01-25-000-93794. The next day, HBS filed in this action a Motion to Voluntarily Dismiss without Prejudice (DE [15]) and a Motion to Compel Arbitration (DE [16]) of the Counterclaim and stay the remainder of the case.

On December 24, 2025, Insight moved for an injunction under the All Writs Act, 28 U.S.C. § 1651, to enjoin the arbitration from going forward until this Court can rule on the pending Motion to Compel Arbitration. Insight plans to challenge HBS's right to seek arbitration on the grounds that HBS (1) has waived arbitration; (2) is judicially estopped from seeking arbitration because of its participation in this litigation; or (3) is engaged in improper claim splitting. Insight asks for an expedited ruling because its response to the arbitration claim is due on January 6, 2026. (DE [19]). In response, HBS argues that Eleventh Circuit precedent precludes the use of the All Writs Act to enjoin a pending arbitration. It also argues that it has not waived its right to arbitrate, that the Counterclaim is based on a different contract than the Complaint, and that it is not engaged in claim splitting.

Insight's motion does not ask the Court to rule, at this time, on the merits of its waiver, estoppel, or claim splitting arguments. Instead, it asks the Court to utilize the All Writs Act to preserve the status quo and enjoin the pending arbitration until those issues are resolved by this Court. *See* Motion (DE [19]) p. 21) ("Insight respectfully asks the Court to protect its jurisdiction through an expedited injunctive writ … under the All Writs Act prohibiting further proceedings on HBS's December 16, 2025, Arbitration until this Court can decide the merits of these substantive issues, including HBS's pending motion to compel.")

The All Writs Act authorizes courts to "issue all writs necessary or appropriate in aid of their respective jurisdiction and agreeable to the usages and principles of law." 28

U.S.C. § 1651(a); *Clinton v. Goldsmith,* 526 U.S. 529, 534 (1999). The requirements for a traditional injunction do not apply to requests made under the All Writs Act. *Klay v. United Healthgroup, Inc.,* 376 F.3d 1092, 1102 (11th Cir. 2004). To obtain an injunction under the All Writs Act, a party "must simply point to some ongoing proceeding, or some past order or judgment, the integrity of which is being threatened by someone else's action or behavior." *Id; United Healthcare Services, Inc. v. DL Investment Holdings, LLC,* 2023 WL 2731722, at * 2 (N.D. Ga. Feb. 7, 2023).

In *Klay,* the Eleventh Circuit reversed an order under the All Writs Act enjoining a pending arbitration. The court noted that an exception to the district court's "otherwise broad power to protect its jurisdiction is that, in general, it may not enjoin state court proceedings to protect its ability to render judgment in ongoing *in personam* proceedings." 376 F.3d at 1102. The court continued:

> This restriction must be based on the premise that state court proceedings arising form the same facts or claims as pending *in personam* federal proceedings do not threaten the federal court's jurisdiction over its case, despite the threat of *res judicata* or collateral estoppel from the state court case. Given that parallel state court proceedings may peacefully co-exist with *in personam* federal proceedings, it is difficult to understand why a parallel arbitration could not. Consequently, it would seem that the potential *res judicata* effect that the arbitration of arbitrable claims could have on a pending *in personam* federal case does not in itself permit a federal court to enjoin such arbitration.
>
> For these reasons, we are forced to overturn the district court's injunction against arbitration of the arbitrable claims.

*Id.* at 1111-112. Thus, HBS argues that this Court may not enjoin its arbitration proceedings under the All Writs Act.

But Insight does not raise the potential *res judicata* effect that a parallel arbitration proceeding might have. It argues that HBS has waived, or is estopped, from arbitration

because of its conduct in *this* case: it filed a lawsuit and served discovery in state court and is impermissibly seeking relief in two separate fora. Insight cites *Grigsby & Assocs., Inc. v. M Securities Investment,* 664 F.3d 1350 (11th Cir. 2011), where the court held that "questions of waiver [of an arbitration clause] based on a party's litigation conduct are for the courts to resolve" and found that the district court abused its discretion in denying an injunction without determining the issue of waiver. *Id.* at 1354.

Although it is true that the movant in *Grigsby* sought a traditional injunction and not an injunction under the All Writs Act, this distinction does not automatically preclude Insight's requested relief. HBS's demand for arbitration came in response to Insight's counterclaim; instead of first moving to compel arbitration, HBS filed the arbitration and *then* moved to compel Insight to participate. The arbitration has a much faster schedule than the Court. By jumping into arbitration before seeking leave to arbitrate, HBS deprives this Court of jurisdiction to determine whether HBS waived or is estopped from pursuing arbitration. The reasoning and holding of *Klay* are, therefore, inapposite. Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Defendant's Expedited Motion to Enjoin Arbitration (DE [19]) is **GRANTED.** HBS is **TEMPORARILY ENJOINED** under the All Writs Act from pursuing the December 16, 2025, AAA arbitration, Case No. 01-25-000-93794, until the Court rules on the HBS's pending Motion to Compel Arbitration.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 3rd day of January 2026.

                                                                                    _____
                                                                                    RAAG SINGHAL
                                                                                    UNITED STATES DISTRICT JUDGE

Copies furnished counsel via CM/ECF