**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 25-62231-CIV-SINGHAL

HEALTH BUSINESS SOLUTIONS, LLC,
a Florida limited liability company,

      Plaintiff/Counter-Defendant

v.

INSIGHT CHICAGO, INC.,
an Illinois corporation.

      Defendant/Counter-Plaintiff

_____/

**HEALTH BUSINESS SOLUTIONS, LLC'S REPLY AND INCORPORATED MEMORANDUM OF LAW TO DEFENDANT/ COUNTER-PLAINTIFF, INSIGHT'S RESPONSE IN OPPOSITION TO HEALTH BUSINESS SOLUTIONS, LLC'S MOTION FOR VOLUNTARY DISMISSAL WITHOUT PREJUDICE**

Health Business Solutions, LLC ("HBS"), files this Reply and Incorporated Memorandum to Defendant-Counterclaimant Insight Chicago, Inc.'s ("Insight"), Response in Opposition to HBS's Motion for Voluntary Dismissal Without Prejudice (the "Motion").

**INCORPORATED MEMORANDUM OF LAW**

a. **Insight Will Not Lose Substantial Rights or Suffer Clear Legal Prejudice**

Because this Court has diversity jurisdiction, rather than federal question jurisdiction, Insight will not "lose its right of removal" if Plaintiff's complaint is voluntarily dismissed. Therefore, Insight cannot establish clear legal prejudice.

To support its position, Defendant cites *Carlsen v. Florida Health Sciences Center, Inc.*, Case No. 8:23-cv-559-WFJ-JSS, 2023 WL 3057416, at *3 (M.D. Fla. Apr. 24, 2024) and *Thatcher v. Hanover Ins. Group, Inc.*, 659 F.3d 1212, 1214 (8th Cir. 2011). Each case is wholly inapplicable to the case at bar.

In both *Carlsen* and *Thatcher*, the federal courts had jurisdiction over the cases pursuant to the Class Action Fairness Act ("CAFA"). *See Carlsen*, 2023 WL 3057416, at *2 ("On March 13, 2023, TGH removed Mr. Carlsen's case to this Court pursuant to the [CAFA]."); *see also Thatcher*, 659 F.3d at 1213 ("On November 30, 2010, Defendants filed a notice of removal, asserting federal jurisdiction under CAFA."). In seeking to have their cases dismissed, the plaintiffs intended to replead their complaints to defeat federal question jurisdiction under CAFA, thus preventing the defendants from removing the cases to federal court for a second time. *Carlsen*, 2023 WL 3057416, at *5; *see also Thatcher*, 659 F.3d at 1215.

In the present case, this Court has diversity jurisdiction, not the CAFA (or federal question). *See* Def.'s Notice of Removal [D.E. 1], ¶ 2 ("This Court has subject matter jurisdiction . . . because there is complete diversity of citizenship with an amount in controversy in excess of $75.000 . . . ."). HBS is not seeking dismissal to replead its Complaint to allege there is no longer complete diversity of citizenship nor that the amount in controversy no longer exceeds $75,000.00. Rather, HBS is seeking dismissal of its claim to pursue solely a claim against Insight—*under a different contract*—in arbitration, as the parties previously contracted for.

A similar issue was disposed of by the court in *Morrison v. Weyerhaeuser Co.* 2025 WL 3154281 (S.D. Ala. Mar. 5, 2025). In *Morrison*, the plaintiff filed suit in state court, the defendant removed the action pursuant to diversity jurisdiction, and the plaintiff then moved to dismiss the action without prejudice so that it could refile the case in state court. *Id.* at *1. The defendant opposed the dismissal arguing that it would, *inter alia*, "'deprive the defendants of their substantial right to removal.'" *Id.* at *3.

The court disagreed with the defendant and directly distinguished *Thacker, Carlsen*, and two other cases relied upon by the defendant. *Id.* at *5. The court specifically noted that these cases

"involved removal under [the] CAFA" as opposed to removal under diversity jurisdiction[,]" and ultimately held the defendant would not lose a substantial right because the removability of the case was not based on the substance of the action. *Id.* at \*4-6.

The *Morrison* case is on point; Defendant's case law is not. This Court should rule like the United States District Court for the Northern Division of the Southern District of Alabama did in *Morrison* and find that Defendant would not lose a substantial right from HBS's voluntary dismissal without prejudice.

In an attempt to save its argument, Defendant claims "gamesmanship" and declares that "HBS' forum shopping should not be countenanced." Its attempt is unpersuasive and, once again, unsupported by law. Even if HBS were "forum shopping"—instead of invoking its contractual right to arbitrate—the "Eleventh Circuit does not endorse [the] position that 'it is inappropriate for a plaintiff to use a voluntary dismissal as an avenue for seeking a more favorable forum.'" *Id.* at \*4 (citation omitted). Rather, the "Eleventh Circuit has explained that the fact that the plaintiff 'may obtain some tactical advantage over the defendant in future litigation' is 'no bar to a voluntary dismissal.'" *Id.* (citing *McCants v. Ford Motor Co., Inc.*, 781 F.2d 855, 857 (11th Cir. 1986)). "'In other words, unless the defendant can show prejudice in some recognized way, the fact that the plaintiff's clear (even avowed) purpose is to refile in a more favorable forum is not grounds to deny the motion.'" *Id.* (citing 1 Steven S. Gensler, *Federal Rules of Civil Procedure*, Rules and Commentary Rule 41 (2024)). Here, Defendant's displeasure of having to arbitrate the breach of an agreement it previously agreed to arbitrate, an agreement that is not before this Court, is simply no bar to a voluntary dismissal of this suit.

b. **<u>Insight will not suffer clear Legal Prejudice as HBS has not waived its right to arbitration.</u>**

Insight's assertion that it will suffer "clear legal prejudice" if compelled to arbitrate is also unfounded. As addressed in Plaintiff's Motion to Compel Arbitration [D.E. 16], its Opposition to Insight's Motion to Enjoin Arbitration [D.E. 21], and Plaintiff's Reply (filed simultaneously with the instant reply), HBS has not waived its contractual right to arbitration under the Insurance-Pay MSA.

To summarize, HBS has never sought relief in any court for breaches under the Insurance Pay-MSA. A party cannot waive a right it could not have exercised in the first place. *See Woronec v. Zachry Indus., Inc.*, No. 8:18-CV-2244-EAK-AEP, 2019 WL 3522266, at *1 (M.D. Fla. Aug. 2, 2019) ("Zachry first ascertained the action was removable only after taking such actions. Zachry can't waive a right it didn't know it had.") (emphasis in original). Second, when HBS filed its Motion to Compel Arbitration, this case was less than three months old. The cases cited by Insight in support of its argument involve prolonged litigation and extensive activity before arbitration was invoked, which is not the situation here.

Because HBS has not waived its right to arbitrate claims arising under the Insurance Pay-MSA, Insight cannot demonstrate legal prejudice. Insight relies on *Merrill Lynch, Pierce, Fenner & Smith v. King*, 804 F. Supp. 1512 (M.D. Fla. 1992), but that case is inapposite. In *Merrill Lynch*, the parties' arbitration agreement specified certain forums, yet the defendant attempted to compel arbitration in the AAA; a forum *not* listed in the agreement. *See id*. at 1515. The court held that the defendant was bound to select one of the agreed-upon forums, and its finding of irreparable injury was based on the risk of arbitration occurring outside the contractual framework. *See id*. at 1515.

The holding in *Merrill Lynch* is seemingly more aligned with what HBS is asking the Court to do; compel Insights counterclaim to the proper forum in which the parties contracted for. *See*

[D.E. 16.]

Insight goes on to argue that it faces prejudice due to the risk of inconsistent verdicts and the inefficiency of litigating in multiple forums caused by HBS's forum shopping. In essence, Insight bootstraps arguments against compelling arbitration to its opposition to HBS's voluntary dismissal.

In any event, courts reject claim-splitting arguments where separate actions are arbitration and litigation. *See J & J Sports Productions, Inc. v. Mandell Family Ventures*, *LLC*, No. 3:10-CV-02489-BF, 2012 WL 4512497, at *4 (N.D. Tex. Oct. 2, 2012) (holding that the FAA "requires piecemeal resolution when necessary to give effect to an arbitration agreement … even if that means [Defendant's] two disputes will be resolved separately-one in arbitration and the other in federal-court litigation.) (quoting *Moses H. Cone,* 460 U.S. at 20); *see also Carney v. Wise Foods*, *Inc.*, No. 05-80196-CIV, 2005 WL 8156032, at *10 (S.D. Fla. July 20, 2005) ("the FAA allows enforcement of agreements to arbitrate despite the possibility of piecemeal results: 'federal law requires piecemeal resolution when necessary to give effect to an arbitration agreement.'"); *LG Elecs., Inc. v. Wi-Lan USA, Inc.*, 623 Fed. Appx. 568, 569 (2d Cir. 2015) ("The claim splitting doctrine does not bar arbitration of claims or defenses that the parties have agreed to arbitrate, while litigating overlapping claims or defenses that the parties have not agreed to arbitrate.").

Insights argument relies on the minority view, and "[t]he Eleventh Circuit has explained that the fact that the plaintiff 'may obtain some tactical advantage over the defendant in future litigation' is 'no bar to a voluntary dismissal.'" *Morrison v. Weyerhaeuser Co.*, No. CV 2:24-CV-00371-KD-B, 2025 WL 3154281, at *4 (S.D. Ala. Mar. 5, 2025) (quoting *McCants v. Ford Motor Co., Inc.*, 781 F.2d 855, 857 (11th Cir. 1986)); *Moss v. Saks Fifth Ave.*, No. 2:06CV668 FTM29SPC, 2007 WL 1141510, at *2 (M.D. Fla. Apr. 17, 2007) ("A dismissal should be granted

unless the defendant will suffer clear legal prejudice, other then the mere prospect of a subsequent lawsuit, as a result.").

    c. **<u>The Court's Dismissal Should be Unconditional.</u>**

Defendant next requests that this Court condition HBS's voluntary dismissal upon Defendant's counterclaim remaining pending for independent adjudication. HBS does not contest that Defendant's counterclaim would remain pending for independent adjudication as independent diversity jurisdiction exists over the counterclaim. *See, e.g., Farmaceutisk Laboratorium Ferring A/S v. Reid Rowell, Inc.*, 142 F.R.D. 179, 180 (N.D. Ga. 1991) ("Since defendant's counterclaim has a jurisdictional basis independent of the main action, the provision of Rule 41(a)(2) relating to counterclaims does not . . . require the dismissal of defendant's counterclaim."). Whether Defendant's counterclaim continues to remain before this Court, however, is subject to this Court's ruling on HBS's Motion to Compel Arbitration.[1]

The Court should issue an unconditional grant of dismissal. When determining whether to impose conditions on a dismissal, the courts should evaluate whether the "defendant has been put to *considerable expense in preparing for trial*." *McCants v. Ford Motor Co., Inc.*, 781 F.2d 855, 860 (11th Cir. 1986) (emphasis added). "However, such conditions are generally only appropriate 'if the defendant has incurred *substantial* costs in defending against the claim.'" *Alvarado v. Envolve Client Services Group, LLC*, 653 F. Supp. 3d 351, 358 (W.D. Tex. 2023) (quoting J*ohn M. Crawley, L.L.C. v. Trans-Net, Inc.*, 394 Fed.App'x. 76, 79 (5th Cir. 2010). In *Alvarado*, five months after the plaintiff filed its complaint, the defendant filed an answer and a motion to dismiss. *See Id*. In response, the plaintiff moved for voluntary dismissal. *See Id*. The court held that the

---

[1] In the event this Court concludes that HBS has waived its right to arbitration on the Insurance-Pay MSA claims, Plaintiff would withdraw its Motion and request this Court allow all claims, under both agreements, to proceed in this Court.

defendant would not suffer plain legal prejudice from an unconditional grant of the plaintiff's motion because the dismissal was not sought at a late stage of the pretrial process. *See Id* at 359.

Additionally, Defendant is not entitled to prevailing party fees. *See Affordable Aerial Photography, Inc. v. Prop. Matters USA, LLC*, 108 F.4th 1358, 1365 (11th Cir. 2024) ("[A] plaintiff's voluntary decision to dismiss an action without prejudice also fails to confer prevailing-party status on a defendant."); *see Byker v. Smith*, No. 2:16-CV-2034-GMB, 2021 WL 256614, at *3 (N.D. Ala. Jan. 26, 2021) (declining to award fees and costs as condition of dismissal with prejudice and noting the general rule that fees and costs accompany dismissal with prejudice only "in the most exceptional circumstances").

## **CONCLUSION**

For the foregoing reasons, HBS respectfully requests that this Court grant its Motion for Voluntary Dismissal Without Prejudice. Insight cannot demonstrate that it will suffer clear legal prejudice, nor that it will lose any substantial right as a result of dismissal. HBS seeks only to enforce the parties' contractual agreement to arbitrate disputes arising under the Insurance-Pay MSA, and its request is consistent with controlling Eleventh Circuit precedent. Alternatively, should the Court determine that dismissal is appropriate subject to conditions, HBS requests that any conditions be limited to those necessary to prevent undue prejudice and exclude any award of prevailing party fees or costs.

Respectfully submitted,

> **OLIVE JUDD, P.A.**
> *Attorneys for Health Business Solutions, LLC*
> 2426 East Las Olas Blvd.
> Fort Lauderdale, FL 33301
> Phone: (954) 334-2250
> Fax: (954) 334-2259
>
> /s/ Benjamin E. Olive

Benjamin E. Olive, Esq.
Fla. Bar No.: 387983
bolive@olivejudd.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed on January 7,

2026, and served electronically via the Court's CM/ECF system on all attorneys of record.

**OLIVE JUDD, P.A.**
*Attorneys for Health Business Solutions, LLC*
2426 East Las Olas Blvd.
Fort Lauderdale, FL 33301
Phone: (954) 334-2250
Fax: (954) 334-2259

/s/ Benjamin E. Olive
Benjamin E. Olive, Esq.
bolive@olivejudd.com
Fla. Bar No.: 387983
Christian R. Leto, Esq.
Fla. Bar No.: 1048760
cleto@olivejudd.com
James M. Buis, Esq.
Fla. Bar No.: 1068447
jbuis@olivejudd.com