**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 25-62231-CIV-SINGHAL/AUGUSTIN-BIRCH**

HEALTH BUSINESS SOLUTIONS, LLC,
a Florida limited liability company,

Plaintiff/Counter-Defendant,

v.

INSIGHT CHICAGO, INC.,
a Foreign Profit Corporation,

Defendant/Counterclaimant.
________________________________________/

**JOINT MOTION FOR EXTENSION OF PRETRIAL DEADLINES**
**AND TO CONTINUE TRIAL DATE**

Plaintiff/Counter-Defendant, Health Business Solutions, LLC ("HBS"), and Defendant/Counterclaimant, Insight Chicago, Inc. ("Insight," and together with HBS, the "Parties"), by and through undersigned counsel, jointly move pursuant to Federal Rule of Civil Procedure 16(b)(4) and Local Rule 7.6 for an Order continuing the trial of this matter, currently set for the two-week trial period beginning July 12, 2027, by approximately four (4) months, and extending the unexpired pretrial deadlines set by the Court's Order Setting Trial, General Instructions, and Referring Certain Matters to Magistrate Judge, [DE 43], and Order Setting Pretrial Deadlines and Referring Case to Mediation, [DE 48], by a corresponding period. In support and pursuant to Local Rule 7.6, the Parties rely on the Declaration of Saura J. Sahu, attached as Exhibit "B" ("Sahu Decl."), and the Declaration of Melissa Gibson, attached as Exhibit "C" ("Gibson Decl."), and state:

**BACKGROUND**

1. HBS filed this collections action in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, on or about September 29, 2025, seeking payment of

roughly $7.8 million in invoices. [DE 18 at 10]. Insight removed the action to this Court on November 4, 2025, [DE 1].

2. On December 1, 2025, the Court ordered the Parties to submit a joint scheduling report. [DE 14]. The parties conferred at that time and agreed that a complex track was appropriate for this case.

On December 17, 2025, HBS moved to voluntarily dismiss its claims without prejudice, [DE 15], and to compel arbitration of Insight's Counterclaim and stay these proceedings, [DE 16]. Insight filed its own Rule 26(f) discovery plan on December 22, 2025, [DE 18].

3. On January 6, 2026, the Court granted HBS's motion for extension of the scheduling-report deadline and advised that it would direct the Parties to submit a joint scheduling report, if necessary, after ruling on HBS's pending motions. [DE 26]. Those motions remained pending for approximately nine months. The Court denied the motion to compel arbitration on September 16, 2026, [DE 41], and denied the motion for voluntary dismissal as moot on September 23, 2026, [DE 42]. In the interim, HBS substituted new counsel in July 2026. [DE 31; DE 32].

4. On November 9, 2026, the Court set this case on the standard track, with trial during the two-week trial period beginning July 12, 2027, and calendar call on July 7, 2027. [DE 43]. Following a scheduling conference on November 17, 2026, [DE 47], Magistrate Judge Augustin-Birch entered the current pretrial schedule, which requires, among other things, that motions to amend or join parties be filed by December 17, 2026, that all fact and expert discovery be completed by March 24, 2027, and that dispositive and *Daubert* motions be filed by April 8, 2027. [DE 48].

## MEMORANDUM OF LAW

A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Good cause exists where the pretrial schedule cannot be met despite the diligence of the party seeking the extension. *See Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998). Local Rule 7.6 likewise permits a continuance of trial upon a showing of good cause. The Parties recognize that the Court is strongly disinclined to modify a trial date based upon the Local Rules' scheduling tracks or vague references to case complexity, and that a request to modify the trial date must provide detailed factual support and a compelling reason. [DE 45]. The Parties therefore set out below the specific, case-related circumstances that warrant the requested relief.

### I. Discovery Has Not Meaningfully Begun Because of the Nine-Month Pendency of the Arbitration and Dismissal Motions.

Because the Court rightly deferred scheduling until it resolved HBS's motions to compel arbitration and to voluntarily dismiss, [DE 26], and because a ruling compelling arbitration would have displaced this forum and the federal discovery devices available here, the Parties were unable to proceed with merits discovery in this Court from December 2025 until those motions were resolved in mid-to-late September 2026. [Sahu Decl. ¶ 3; Gibson Decl. ¶ 3]. Initial disclosures under the current schedule are due November 24, 2026. [DE 48 at 1]. As a result, the current schedule affords the Parties approximately four months, from the exchange of initial disclosures to March 24, 2027, to complete all fact and expert discovery in a case of this scope. *Id.*

### II. The Volume of Documents, Witnesses, and Expert Issues Cannot Be Addressed Within the Current Schedule.

This is not a case of generic complexity. HBS's claims involve up to at least four years of invoices and detailed billing records concerning thousands of patients and their bills, and the underlying financial transactions span almost five years. [Sahu Decl. ¶ 5; Gibson Decl. ¶ 5].

Insight's counterclaims for fraud and deceptive billing practices require review of years of statements and billing data, together with forensic accounting analysis, and allege damages ranging from roughly $3.5 million to $35 million. [Sahu Decl. ¶ 6]. Among other things, Insight believes that HBS's own records and statements reflected internal conflicts of as much as $40 million, and that Insight received warning letters from federal regulators in 2023, 2024, and 2025 regarding the billing services at issue. [Sahu Decl. ¶ 7].

The relevant staff members and executives number approximately fifty or more potential witnesses; the number of meaningful custodians of electronic data likely number at least twenty-five, holding potentially more than a million of pages of records; and the Parties anticipate at least eight to ten key lay witnesses and two to four expert witnesses per side, for a trial of approximately ten days. [DE 18 at 5; Sahu Decl. ¶ 8; Gibson Decl. ¶ 6]. The Parties previously anticipated that approximately twelve months would be needed for lay and expert discovery, and that document production and witness scheduling would be difficult in light of the sheer number of documents and witnesses. [DE 18 at 5]. Because the records at issue include patients' medical and financial information, the Parties must also negotiate and submit a stipulated protective order before substantial document production can occur. [Sahu Decl. ¶ 9; Gibson Decl. ¶ 7].

Under the current schedule, HBS's expert disclosures are due January 22, 2027, and Insight's are due February 24, 2027. [DE 48 at 2]. The Parties' experts, including forensic accounting experts, cannot render meaningful opinions until the billing and financial records have been produced and analyzed, which cannot reasonably occur in the roughly two months between the exchange of initial disclosures and the first expert deadline, particularly given the intervening holiday season. [Sahu Decl. ¶ 10; Gibson Decl. ¶ 8].

**III. An Extension Will Facilitate Meaningful Mediation.**

The case has been referred to mediation, which must be completed by March 31, 2027. [DE 48 at 2]. The Parties have expressed interest in mediation since the outset of the case. [DE 18 at 2, 13]. A corresponding extension of the mediation deadline will allow the Parties to mediate with the benefit of the key billing records and expert analysis, increasing the likelihood of a productive mediation and conserving the resources of the Parties and the Court. [Sahu Decl. ¶ 11; Gibson Decl. ¶ 9].

**IV. The Parties Have Acted Diligently, and No Party Will Be Prejudiced.**

The Parties have acted diligently. They conferred extensively regarding a discovery plan in December 2025, [DE 18 at 1–2], promptly briefed the threshold arbitration and dismissal issues, attended the November 17, 2026 scheduling conference, and further conferred on these issues on November 20, 2026. [DE 47]. This Motion is filed within days of entry of the current pretrial schedule, [DE 48], and well before any of the deadlines sought to be extended.

Additionally, this Motion is made jointly, in good faith, and not for purposes of delay. [Sahu Decl. ¶ 12; Gibson Decl. ¶ 10]. No party will be prejudiced by the requested extension, which simply restores the time for discovery that was consumed while the threshold arbitration and dismissal motions were pending. The Parties are mindful of the Court's calendar and request a continuance of approximately four months, which they believe is the minimum period reasonably necessary to complete discovery and prepare this case for trial. [Sahu Decl. ¶ 13; Gibson Decl. ¶ 11].

**REQUESTED SCHEDULE**

The Parties propose that each unexpired pretrial deadline be extended by approximately four months, adjusted to avoid weekends and holidays, as follows:

| Event | Current Deadline (DE 48 / DE 43) | Proposed Deadline |
|---|---|---|
| Exchange initial disclosures (Fed. R. Civ. P. 26(a)(1)) | November 24, 2026 | December 11, 2027 |
| Select mediator; file joint notice and proposed order scheduling mediation | December 17, 2026 | January 15, 2027 |
| All motions to amend pleadings or join parties | December 17, 2026 | March 17, 2027 |
| Plaintiff's expert disclosures (Fed. R. Civ. P. 26(a)(2)) | January 22, 2027 | May 28, 2027 |
| Defendant's expert disclosures (Fed. R. Civ. P. 26(a)(2)) | February 24, 2027 | June 30, 2027 |
| Exchange of rebuttal expert summaries or reports | March 10, 2027 | July 14, 2027 |
| Completion of all discovery, including expert discovery | March 24, 2027 | July 28, 2027 |
| Completion of mediation and filing of mediation report | March 31, 2027 | August 4, 2027 |

| **Event** | **Current Deadline (DE 48 / DE 43)** | **Proposed Deadline** |
|---|---|---|
| All pretrial motions, including dispositive and *Daubert* motions | April 8, 2027 | August 12, 2027 |
| Motions in limine | May 12, 2027 | September 15, 2027 |
| Deposition designations (objections and counter-designations within ten days) | June 3, 2027 | October 7, 2027 |
| Counsel meet to review pre-marked and demonstrative exhibits | June 17, 2027 | October 21, 2027 |
| Joint pretrial stipulation, witness and exhibit lists, proposed jury instructions and verdict form or proposed findings and conclusions | June 25, 2027 | October 29, 2027 |
| Calendar call (via Zoom, 2:00 p.m.) | July 7, 2027 | November 10, 2027, or a date convenient to the Court |
| Two-week trial period begins (9:00 a.m.) | July 12, 2027 | November 15, 2027, or the Court's next available trial period on or before that date |

A proposed order reflecting the requested schedule is attached as Exhibit "A."

WHEREFORE, Health Business Solutions, LLC and Insight Chicago, Inc. jointly and respectfully request that the Court enter an Order (a) continuing the trial of this matter to the Court's two-week trial period beginning November 15, 2027, or such other trial period as is

convenient for the Court, with a corresponding calendar call; (b) extending the unexpired pretrial deadlines set by the Order Setting Pretrial Deadlines, [DE 48], as set forth above; and (c) granting such other and further relief as the Court deems just and proper.

**CERTIFICATE OF CONFERRAL**

Pursuant to Local Rule 7.1(a)(3), counsel for Insight conferred with counsel for HBS by telephone on November 20, 2026, regarding the relief requested in this Motion. HBS joins in the Motion, and the relief requested is unopposed.

Dated: November 23, 2026 Respectfully submitted,


| | |
|---|---|
| **GUNSTER, YOAKLEY & STEWART, P.A.**<br>450 East Las Olas Boulevard, Suite 1400<br>Fort Lauderdale, Florida 33301<br>Telephone: (954) 462-2000<br><br>By: /s/ George S. LeMieux<br>George S. LeMieux, Esq.<br>Florida Bar No. 16403<br>glemieux@gunster.com<br><br>Lauren A. Marcil, Esq.<br>Florida Bar No. 1002832<br>lmarcil@gunster.com<br><br>Monique N. Zapata, Esq.<br>Florida Bar No. 1025828<br>mzapata@gunster.com<br>eservice@gunster.com<br><br>**CLANCY ADVISORS, PLC**<br>Saura J. Sahu (admitted pro hac vice)<br>2723 S. State Street, Suite 150<br>Ann Arbor, Michigan 48104<br>Telephone: (734) 780-7595<br>sahu@clancyadvisors.com<br><br>*Counsel for Defendant/Counterclaimant, Insight Chicago, Inc.* | **NELSON MULLINS RILEY & SCARBOROUGH LLP**<br>100 S.E. 3rd Avenue, Suite 2700<br>Fort Lauderdale, Florida 33394<br>Telephone: (954) 764-7060<br><br>By: /s/ Melissa J. Gibson<br>Peter R. Goldman, Esq.<br>Florida Bar No. 860565<br>peter.goldman@nelsonmullins.com<br><br>Melissa J. Gibson, Esq.<br>Florida Bar No. 1010123<br>melissa.gibson@nelsonmullins.com<br><br>*Counsel for Plaintiff/Counter-Defendant, Health Business Solutions, LLC* |


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 23, 2026, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/ George S. LeMieux
George S. LeMieux, Esq.