# EXHIBIT "B"

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 25-62231-CIV-SINGHAL/AUGUSTIN-BIRCH**

HEALTH BUSINESS SOLUTIONS, LLC,
a Florida limited liability company,

Plaintiff/Counter-Defendant,

v.

INSIGHT CHICAGO, INC.,
a Foreign Profit Corporation,

Defendant/Counterclaimant.
_______________________________________/

**DECLARATION OF SAURA J. SAHU IN SUPPORT OF JOINT MOTION FOR EXTENSION OF PRETRIAL DEADLINES AND TO CONTINUE TRIAL DATE**

I, Saura J. Sahu, declare as follows:

1. I am an attorney with Clancy Advisors, PLC, and I have been admitted pro hac vice in this action as counsel for Defendant/Counterclaimant, Insight Chicago, Inc. ("Insight"). [DE 12]. I am over the age of eighteen and have personal knowledge of the matters set forth in this Declaration, based on my participation in this case and my review of the file.
2. I submit this Declaration pursuant to Local Rule 7.6 in support of the Parties' Joint Motion for Extension of Pretrial Deadlines and to Continue Trial Date (the "Motion").
3. On December 17, 2025, Plaintiff/Counter-Defendant, Health Business Solutions, LLC ("HBS"), moved to voluntarily dismiss its claims and to compel arbitration of Insight's Counterclaim and stay these proceedings. On January 6, 2026, the Court deferred scheduling until it ruled on those motions. Because a ruling compelling arbitration would have displaced this forum and the discovery devices available here, the Parties were unable to proceed with merits discovery in this Court from December 2025 until the Court denied the motion to compel arbitration on September 16, 2026, and denied the motion for voluntary dismissal as moot on September 23, 2026.

4. Under the current schedule, initial disclosures are due November 24, 2026, and all fact and expert discovery must be completed by March 24, 2027, leaving approximately four months for all discovery.

5. HBS's claims involve at least four years of disputed invoices and detailed billing records—as well as additional years for comparison and analysis—concerning thousands of patients and their bills, and the disputed underlying financial transactions span almost five years.

6. Insight's counterclaims for fraud and deceptive billing practices will require review of years of statements and billing data, together with forensic accounting analysis. Insight's alleged damages range from roughly $3.5 million to $35 million.

7. Insight believes that HBS's own records and statements reflected internal conflicts of as much as $40 million. Insight also received warning letters from federal regulators in 2023, 2024, and 2025 regarding the billing services at issue.

8. The relevant staff members and executives number approximately fifty or more potential witnesses. There are likely at least twenty-five meaningful electronic data custodians, holding hundreds of thousands or millions of pages of records. The Parties anticipate at least eight to ten key lay witnesses and two to four expert witnesses per side, and a trial of approximately ten days.

9. Because the records at issue include patients' medical and financial information, the Parties must negotiate and submit a stipulated protective order before substantial document production can occur.

10. Under the current schedule, HBS's expert disclosures are due January 22, 2027, and Insight's are due February 24, 2027. The Parties' experts, including forensic accounting experts, cannot render meaningful opinions until the billing and financial records have been

produced and analyzed. In my judgment, that cannot reasonably occur in the roughly two months between the exchange of initial disclosures and the first expert deadline, particularly given the intervening holiday season.

11. The case has been referred to mediation, which must be completed by March 31, 2027. A corresponding extension of the mediation deadline will allow the Parties to mediate with the benefit of the key billing records and expert analysis, which I believe will increase the likelihood of a productive mediation and conserve the resources of the Parties and the Court.

12. The Parties have acted diligently. They conferred regarding a discovery plan in December 2025, briefed the threshold arbitration and dismissal issues, and attended the November 17, 2026 scheduling conference. The Motion is made jointly, in good faith, and not for purposes of delay.

13. No party will be prejudiced by the requested extension, which restores the time for discovery consumed while the threshold motions were pending. I believe a continuance of approximately four months is the minimum period reasonably necessary to complete discovery and prepare this case for trial.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on November 23, 2026.

/s Saura J. Sahu
Saura J. Sahu